**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  Case No.:   3:17-cr-124-TJC-JBT

DANIEL FRANCESCO VIDAL

_____

**ORDER**

Defendant Daniel Francesco Vidal moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 139, Motion for Compassionate Release.) He is a 33-year-old inmate incarcerated at McCreary USP, serving a 120-month term of imprisonment for possession of a firearm by a convicted felon. (Doc. 116, Judgment.) According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on August 30, 2026.

Defendant asserts that his mother recently underwent heart surgery and is suffering from kidney failure and memory deficits. (Doc. 139 at 5; Doc. 139-3, Memorandum at 1.) He seeks a reduction in sentence so he can donate a kidney or be a caretaker to his mother. Defendant also states that he is 5'11" and weighs 290 pounds, which is "affecting [his] own health." (Doc. 139 at 5.) Defendant states that he has enrolled in several vocational or educational programs and is a changed person. (Doc. 139-3 at 2.) The United States opposes the Motion, arguing that Defendant's circumstances are not "extraordinary and

compelling" under the controlling policy statement, that he is a danger to the community, and that the factors under 18 U.S.C. § 3553(a) weigh against his release. (Doc. 140, Response.) Defendant replied (Doc. 142, Reply) and filed two additional notices (Docs. 144, 145), which the Court has considered.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One exception is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[1]

---

[1] Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if,

2

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions—i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

Defendant's leading reason for seeking a sentence reduction is that his mother is in poor health and he wishes to give her a kidney or provide aid as a caregiver. But under the relevant policy statement, only two types of family

---

"[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248.

circumstances qualify as "extraordinary and compelling": (i) "The death or incapacitation of the caregiver of the defendant's minor child or minor children," and (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. 1(C). The illness or incapacitation of one's parent is not included as an "extraordinary and compelling" reason. Although Defendant argues that the Court can grant compassionate release for reasons other than those identified in the policy statement (Doc. 142 at 2–3), the Eleventh Circuit rejected that argument in Bryant, 996 F.3d 1243. The Eleventh Circuit holds "that a district court cannot grant a motion for reduction if it would be inconsistent with the Commission's policy statement defining 'extraordinary and compelling reasons.'" Id. at 1249. While the Court understands Mr. Vidal's concern for his mother, a defendant's mother's illness is not an extraordinary and compelling reason for compassionate release.[2]

Defendant contends that his weight is "also affecting [his] own health." (Doc. 139 at 5.) But he neither asserts, nor provides any evidence that, his weight "substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility" and that his condition is one "from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii). As a result,

---

[2] As Defendant has no children (Doc. 112, PSR ¶ 60), Defendant's mother is not a "caregiver of the defendant's minor child or minor children," § 1B1.13, cmt. 1(C)(i).

4

Defendant has not shown that he suffers from a "serious medical condition" that qualifies as an "extraordinary and compelling" reason under § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

Because Defendant has not established "extraordinary and compelling reasons" for a sentence reduction, the Court need not reach whether he is a danger to the public or whether the § 3553(a) factors weigh against a sentence reduction. See Tinker, 14 F.4th at 1238 ("Because all three conditions—i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction.").

Accordingly, it is **ORDERED:**

1. Defendant Daniel Francesco Vidal's Motion for Compassionate Release (Doc. 139) is **DENIED**.

2. Defendant's request for the appointment of counsel (Doc. 139 at 6) is **DENIED** because it is not supported by the interests of justice. See United States v. Webb, 565 F.3d 789, 794–95 & n.4 (11th Cir. 2009).

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of April, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
<u>Copies to:</u>
Counsel of record
Pro Se Defendant