**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  Case No. 3:17-cr-124-TJC-SJH-1

DANIEL FRANCESCO VIDAL

## ORDER

On August 6, 2018, Mr. Vidal pleaded guilty to one count of possession of a firearm by a convicted felon. (Docs. 95, 116). The Court sentenced him to 120 months of imprisonment, followed by three years of supervised release. (Doc. 116 at 2–3). Mr. Vidal is due to be released on October 10, 2026, and represents to the Court that upon his release, he intends to work with Probation to move to Kansas to care for his mother. (Docs. 152 at 2, 10; 152-2 ¶ 14).

Mr. Vidal asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) because his situation presents "extraordinary and compelling" circumstances, he is not a danger to the community, and the 18 U.S.C. § 3553(a) factors support a sentence reduction. (Doc. 152 at 7 et seq.). His "extraordinary and compelling" circumstance is the alleged "incapacitation" of his mother when he is "the only available caregiver" for her. See U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(3)(C) (U.S. SENT'G COMM'N 2024) [hereinafter U.S.S.G.]. The government opposes the motion in its entirety. (Doc. 157).

A court may modify a term of imprisonment under limited circumstances.

See 18 U.S.C. § 3582(c) (establishing circumstances); United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). The defendant bears the burden of establishing that a reduction in sentence is warranted. See United States v. Smith, 729 F. Supp. 3d 1308, 1315 (S.D. Fla. 2024) (citations omitted).

Before a defendant may move for modification, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or thirty days must lapse after the warden of the defendant's facility receives such a request. See 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory in the sense that a court must enforce the rule if a party properly raises it. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). Here, the parties do not dispute that Mr. Vidal has exhausted his administrative remedies. (Docs. 152-4; 157 at 5). Therefore, the Court must determine whether "extraordinary and compelling reasons warrant . . . a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement defines a defendant's "family circumstances" which constitute an "extraordinary and compelling" reason for the reduction of sentence as, inter alia, "[t]he incapacitation of the

2

defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). The parties do not dispute that Mr. Vidal is the only available caregiver for his mother, Mrs. Vidal. (Doc. 160 at 1, n.1). However, the policy statement does not define "incapacitation," and the parties disagree on the applicable definition.

The Government argues that the definition set forth in United States v. Michel, No. 1:23-cr-20349-RAR, 2025 WL 786284, at *3 (S.D. Fla. Mar. 12, 2025), should apply. (Doc. 157 at 6). Michel relies on the Bureau of Prisons definition of "incapacitation" applicable in other § 3582(c)(1)(A) circumstances,[1] stated as: ". . . a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [person] is completely disabled, meaning that the [person] cannot carry on any self-care and is totally confined to a bed or chair." See Fed. Bureau of Prisons, Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019) (quotation modified). Michel held that a spouse's "intermittent difficulties with self-care" were not sufficient to prove incapacitation. 2025 WL 786284 at *4.

Mr. Vidal, on the other hand, argues that "incapacitation" should be

---

[1] This definition applies to requests based on incapacitation of a spouse or registered partner. See Bureau of Prisons Program Statement No. 5050.50 at 9. The Program Statement does not include a definition for "incapacitation" specifically in the context of an incapacitated parent.

defined as "a loss of mental or physical ability which prevents a parent from functioning normally and causes the need for significant care." (Doc. 160 at 3). Mr. Vidal created this definition based on the Merriam-Webster dictionary definition of "incapacitated"[2] as well as the "broader context of the statute as a whole," which he argues must be considered in resolving the ambiguity of the statutory text. (Id. at 2–3).

Mr. Vidal has submitted substantial documentation establishing that his mother is dealing with challenges to her physical and mental health. She has kidney disease requiring dialysis three days per week, which she states leaves her exhausted. (Docs. 152-1 at 1–2; 160 at 4). She also experiences delirium, confusion, and has been diagnosed with major depressive disorder and anxiety. (Id.). The Court does not doubt that Mrs. Vidal is struggling with her health. But as the Government points out, she is receiving treatment and is caring for herself, despite having "episodic difficulty" in providing self-care. (Doc. 157 at 5; see also Doc. 152-1 (letter from Mrs. Vidal) ("Now, I'll have days where I'm doing okay but then days that are pretty rough.")).

While Mr. Vidal's desire to care for his mother is commendable, and the

---

[2] Merriam-Webster defines "incapacitated" as "deprived of capacity or natural power: made incapable of or unfit for normal functioning." Incapacitated, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/incapacitated (last visited Nov. 12, 2025).

Court is sympathetic to Mrs. Vidal's circumstances, the evidence does not establish that Mrs. Vidal is incapacitated such that the situation constitutes an "extraordinary and compelling" circumstance warranting a reduction in sentence. Consequently, the Court does not reach consideration of whether Mr. Vidal is a danger to the community, see U.S.S.G. § 1B1.13(a)(2), or the § 3553(a) factors.

Accordingly, it is hereby

**ORDERED:**

Defendant Daniel Francesco Vidal's Motion for Reduced Sentence (Doc. 152) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida, this 14th day of November, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Laura Taylor, AUSA
Laura Ferro
Matthew Cavender
Valarie Linnen
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant